```
          UNITED STATES DISTRICT COURT
          EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| LESLIE THOMAS MCCLUNG | CIVIL ACTION |
| VERSUS | NO: 07-959 |
| RUSSELL'S CLEANING SERVICES, INC., ET AL. | SECTION: "J" (3) |

### ORDER AND REASONS

Before the Court is plaintiff's Motion to Remand. (Doc. 8.) The motion is opposed. For the following reasons the Court finds that the motion should be GRANTED.

### BACKGROUND

A fire at plaintiff's house in 2003 damaged more than $300,000 worth of Persian rugs. Rather than paying the replacement value for the rugs, his insurer, Standard Fire Insurance Company, advised that he send the property to be cleaned. Plaintiff complied and sent the property to defendants Russell's Cleaners and Russell's Cleaning Services (collectively referred to as "Russell's Cleaners"). Two years later when Hurricane Katrina hit, plaintiff's house sustained wind and rain damage. Russell's Cleaners flooded, destroying plaintiff's rugs.

Plaintiff sued Standard Fire for the damage to the rugs in the fire and for the wind damage to his house in the hurricane. He also sued Russell's Cleaners and its insurer for flood damage to the rugs in their possession. Standard Fire removed alleging that the claims against Russell's Cleaners are misjoined as a procedural matter, such that the Louisiana citizenship of the defendants should be ignored for diversity purposes. Plaintiff now seeks to remand.

## LEGAL STANDARD

In the Fifth Circuit there are two clearly recognized ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The test for improper joinder where there is no allegation of actual fraud is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant. *Id.*

Another method for establishing improper joinder has been developed in the Eleventh Circuit, *see Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), and has been employed by some district courts in the Fifth Circuit. *Tapscott* recognized that misjoining parties between whom cognizable claims exist can

be the procedural equivalent of fraudulently pleading jurisdictional facts where the misjoinder is improperly done to defeat federal diversity jurisdiction. Under *Tapscott* "mere misjoinder" is not enough. *Id.* The misjoinder must be "so egregious as to constitute fraudulent joinder." *Id.*

The party seeking removal bears a heavy burden of proving improper joinder. *Smallwood*, 77 F.3d at 574. In determining the validity of an allegation of improper joinder, the district court must construe factual allegations, resolve contested factual issues, and resolve ambiguities in the controlling state law in the plaintiff's favor. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

## DISCUSSION

Standard Fire argues in opposition to remand that the claims against Russell's Cleaners are improperly joined even under *Smallwood* because Hurricane Katrina was an Act of God, absolving Russell's Cleaners from liability. This argument simply asserts a defense on another party's behalf and clearly goes to the merits of the claim. Even if this theory were included in the notice of removal, which it was not, the argument is unavailing in the context of improper joinder.

Standard Fire also asks this Court to apply the Eleventh Circuit analysis from *Tapscott* allowing an egregious misjoinder

of parties to qualify as an improper joinder. The Fifth Circuit Court of Appeals has not expressly accepted this theory of improper joinder, though some district courts in this circuit have used it. In the present case, it does not matter whether the *Tapscott* theory of misjoinder is viable in the Fifth Circuit because even if it were, it would not apply.

The claims and parties are related by a series of occurrences as a result of which, according to plaintiff, either Standard Fire, under the homeowner's policy, or Russell's Cleaners (and its insurer), under various possible legal theories, are responsible for the loss of plaintiff's rugs. It is not unreasonable that both of these defendants would be joined in the same suit to avoid duplicative litigation and the risk of inconsistent outcomes.

Even if Standard Fire is correct that some claims should be severed under La. Code Civ. P. art. 463(2), "mere misjoinder" is not enough even under *Tapscott*'s analysis. 77 F.3d at 1360. The misjoinder must be "so egregious as to constitute fraudulent joinder." *Id.* It is debatable whether the claims in this case are misjoined at all. After remand, defendant may seek a severance in State court. If successful, defendant can then seek removal if diversity jurisdiction exists in one of the severed cases.

4

Accordingly,

**IT IS ORDERED** that plaintiff's Motion to Remand (Doc. 8) is **GRANTED**; the above-captioned action is hereby **REMANDED** to the court from which it was removed.

New Orleans, Louisiana this the 5th day of April, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE